UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14249-CIV-CANNON/MAYNARD

**GARY M. SILVER,**

    Plaintiff,

v.

**COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION**

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS (DE 21)**

**THIS CAUSE** comes before me upon Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("Motion"). DE 21. The District Court referred the Motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1 of the Local Rules of United States District Court for the Southern District of Florida. DE 22. Having reviewed the Motion, noting that it is unopposed and noting that no Response otherwise was filed, I respectfully **RECOMMEND** that the Motion (DE 21) be **GRANTED** as set forth below.

Under the EAJA, a court generally must award reasonable attorney's fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). The court may also award litigation costs, as enumerated in 28 U.S.C. § 1920. See 28 U.S.C. § 2412(a)(1).

Here, Plaintiff requests fees under the EAJA, as agreed to by the parties, in the amount of

$6,800.00 and costs in the amount of $600.00. Plaintiff indicates in his Motion that he is the prevailing party under the EAJA (DE 21-1 at 1), meets the financial qualifications for relief (DE 21 at ¶2), and Defendant's position was not substantially justified[1] (DE 21 at ¶3). A review of the petition reveals that the requested fees are reasonable and permitted pursuant to 28 U.S.C. § 2412. DE 21-1 at 2-5. Further, given that Defendant does not oppose reimbursement of $600.00 in costs, I find that Plaintiff is entitled to an award of costs in this amount.

In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are payable to the litigant, rather than to the litigant's attorney. 560 U.S. 586, 594 (2010). Therefore, EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States. *Id.* The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98. The assignment, however, is not valid unless it complies with the Anti-Assignment Act, 31 U.SC. § 3727(b). Even so, the Commissioner may waive the requirements of the Anti-Assignment Act and recognize Plaintiff's assignment. *See Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992).

Here, Plaintiff's Motion includes a proposed order stating the following:

> Subject to any offset under the Treasury Offset Program, payment of this award shall be made *via* the Law Offices of Chermol and Fishman, LLC. If EAJA fees and costs are not subject to any offset *and an assignment is provided* to SSA, the award shall be paid directly to the order of David F. Chermol, Esquire. All checks paid consistent with this Order must be mailed to: 11450 Bustleton Avenue, Philadelphia, PA 19116.

DE 21-3 (emphasis added).

---

[1] Pursuant to Defendant's Unopposed Motion for Entry of Judgment with Remand (DE 19), the District Court remanded this case back to the Commissioner (DE 20).

Accordingly, I **RECOMMEND** that the Motion (DE 21) be **GRANTED** and that Plaintiff be awarded **$6,800.00** in attorney fees and **$600.00** in costs to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States and subject to Plaintiff's assignment of the award to his attorney.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 12th day of October, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE